MOORE, Judge.
In a non-jury trial, appellant was convicted of dealing in stolen property. He argues four points for reversal of his conviction, only one of which has merit.
The issue presented is whether the trial court abused its discretion in denying appellant’s motion for continuance made on the morning of trial.
Appellant was charged by information with the crimes of burglary and grand theft. Subsequently, he filed a demand for speedy trial pursuant to Fla.R.Crim.P. 3.191(c). Trial was set in due course and on the morning thereof the State filed a second amended information without leave of court. The new information charged appellant with the crime of dealing in stolen property, contrary to Section 812.019(1), Florida Statutes (1977). Although he was ready to proceed with his defense to the original information, the appellant advised the court that he was not ready to proceed on the new charge and requested a continuance. The trial judge felt that the new charge arose out of the same transaction and, in light of appellant’s demand for a speedy trial, denied the motion.
The crime of dealing in stolen property involves trafficking, or endeavoring to traffic, in property one knows, or should know, to be stolen property. The elements of this crime are obviously different from the elements which must be proved in a burglary or grand theft case. The mere fact that the property involved in the trafficking charge may have been the same property which was the subject of the burglary and grand theft charges does not mean that the charges themselves arose out of the same transaction.
Moreover, although Fla.R.Crim. Pro. 3.191(c) prohibits waiver of a demand for a speedy trial, an exception is made as to matters arising after the demand, which reasonably could not have been anticipated. We find no way the appellant could have anticipated the State’s filing of a second amended information on the day of trial, completely changing the charges with which he was accused. The failure to grant a continuance under these circumstances was an abuse of discretion.
This cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
BERANEK, J., and WOODROW M. MELVIN, Associate Judge, concur.